```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TESSEMAE'S LLC, a Maryland Limited
Liability Company,

                          Plaintiff,

        -against-                                          18-CV-4902 (KHP)

ATLANTIS CAPITAL LLC, a New York                           **OPINION AND ORDER**
Limited Liability Company, MOHAMMAD
(ALAN) S. RAHMAN, and JOSEPH
BOHANNON,

                          Defendants.
------------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tessemae's LLC commenced this action against Defendants Atlantis Capital LLC, Mohammad (Alan) S. Rahman, and Joseph Bohannon for alleged conversion, fraud, unjust enrichment, and violations of New York General Business Law § 349. Plaintiff is a family-owned salad dressing and condiment company based in Maryland. (ECF No. 12, Amended Compl. ("Compl.") ¶ 3.) Plaintiff alleges that Defendants extorted improper "finder's fees" from them in connection with two financing transactions, one between Plaintiff and a funding company called Capital Partners, and the other between Plaintiff and a funding company called Bibby (the "Bibby financing"). (*Id.* at ¶¶ 2, 53.) Plaintiff further alleges that Defendants coerced them into executing a contract, dated October 2, 2017, memorializing Tessemae's payment of the finder's fee for the Bibby financing (the "Finder's Fee Agreement"). (*Id.* at ¶ 53.) Plaintiff requests damages of at least $118,403.98 and a declaratory judgment that the Finder's Fee Agreement is null and void, as well as attorneys' fees and costs.

1

On September 10, 2018, Defendants filed a pre-answer motion to dismiss for lack of jurisdiction and to compel mediation/arbitration ("Defendants' Motion"). (ECF No. 31.) The late Hon. Robert W. Sweet scheduled oral argument on Defendants' Motion for October 17, 2018. (ECF No. 32.) Upon Defendants' request (ECF No. 35), Judge Sweet adjourned the oral argument to October 31, 2018. (ECF No. 37.) This matter was referred to me on May 1, 2019. Plaintiff's counsel, Mr. Mendy M. Piekarski ("Mr. Piekarski") represented to this Court that he appeared at the October 31, 2018 oral argument, but Defendants' counsel, Mr. Khalid M. Azam ("Mr. Azam") failed to appear. (ECF Nos. 40, 50.) Mr. Azam did not file a request for an adjournment nor any *post-facto* letter explaining his absence. On May 2, 2019, this Court issued an order scheduling oral argument on Defendants' Motion for May 29, 2019. (ECF No. 47.)

On May 29, 2019, Mr. Piekarski appeared for the scheduled oral argument. Mr. Azam neither appeared, nor requested an adjournment, nor informed the Court that he would not appear. In light of the costs and burdens imposed on Plaintiff by Mr. Azam's failure to appear, this Court issued an order directing Plaintiff to file a letter motion by June 7, 2019 to request any fees and costs incurred in preparation for and attendance at the May 29, 2019 oral argument. (*Id.*) Plaintiff submitted their motion for attorneys' fees pursuant to this Court's order ("Plaintiff's Motion") on June 6, 2019. (ECF No. 50.) Plaintiff now seeks $2,850 in attorneys' fees in connection with preparation for and attendance at the May 29, 2019 oral argument. (ECF Nos. 50,51.)

Mr. Azam filed a letter in response to Plaintiff's motion on June 10, 2019. (ECF No. 52.) In the letter, Mr. Azam stated that he failed to appear at the May 29, 2019 oral argument

because he was unaware of the scheduled argument. (*Id.*) Mr. Azam admitted to receiving notice of the scheduled oral argument by ECF e-mail notification on May 2, 2019, but he explained that his staff failed to enter the date in his calendar. (*Id.*) Mr. Azam requested time to confer with Plaintiff's counsel about the possibility of reducing the fee. (*Id.*) Mr. Azam seeks to reduce the amount because Mr. Piekarski's preparation "will not go to waste" since he may use it on the next scheduled appearance on July 29, 2019. (*Id.*)

For the reasons set forth below, Plaintiff's Motion is GRANTED and the Court declines to grant Mr. Azam additional time to negotiate the fee award.

## **LEGAL STANDARD**

Rule 16(f)(1) of the Federal Rules of Civil Procedure ("Rule 16") authorizes sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). The purpose of Rule 16 sanctions is three-fold: "(1) to ensure that a party will not benefit from its own failure to comply; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well." *Petrisch v. JP Morgan Chase*, 789 F. Supp. 2d 437, 455 (S.D.N.Y. 2011) (quoting *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 56 (S.D.N.Y.1997)).

Rule 16(f)(2) provides that in addition to or instead of sanctions, the court may award "reasonable expenses—including attorney's fees—incurred because of noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances made an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). This Court also has the inherent authority to impose sanctions for disobedience of the Court's orders, including by awarding attorneys' fees.

3

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45 (1991); *see Macolor v. Libiran*, No. 14-CV-4555 JMF, 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23, 2015) (noting that courts have the power to impose *sua sponte* "sanctions under either Rule 16 or the Court's inherent authority" (citing *Chambers*, 501 U.S. at 43)). Therefore, a district court exercises its discretion in awarding attorneys' fees as a sanction. *See Pichardo v. C.R. Bard, Inc.,* No. 09-CV-7653 (SHS), 2015 WL 13784565, at *7 (S.D.N.Y. Jan. 26, 2015) (awarding defendants $10,000 in attorneys' fees pursuant to Rule 16(f) because plaintiff's attorney violated the scheduling order when she failed to submit her expert reports by the court-ordered deadline); *Cioce v. Cty. of Westchester*, 123 F. App'x 451, 454 (2d Cir. 2005) (affirming the award of attorneys' fees as a sanction for failing to attend a hearing).

In awarding attorneys' fees, this Court employs a "lodestar" approach to calculate the award. *See Pichardo*, 2015 WL 13784565, at *4 (noting that the lodestar approach is used in calculating attorneys' fees awarded as sanctions (citing *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 255 (S.D.N.Y. 2012))); *Hirsch v. Sunglass Hut Trading Co.*, No. 11 CIV. 3445 BSJ MHD, 2012 WL 2045947, at *1-2 (S.D.N.Y. June 4, 2012). Under the "lodestar" analysis, courts discern a presumptively reasonable fee, or "lodestar," by multiplying a reasonable hourly rate by the number of hours worked. *Bergerson v. N.Y. State Office of Mental Health, Central N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289-90 (2d Cir. 2011); *Hirsch*, WL 2045947, at *1-2 (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir.2008)); *see also Millea v. Metro-North R. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (noting that the award of attorneys' fees must be objective and reviewable, implying that "the district court should at

least provide the number of hours and hourly rate it used to produce the lodestar" (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)).

When evaluating hourly rates, the Court considers "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson,* 652 F.3d at 289 (internal quotation marks and citation omitted). The Second Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Bergerson*, 652 F.3d at 290 (internal quotation marks and citation omitted); *see also Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 644 (2018) (noting that rates are "generally [] the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" (citation omitted)). Finally, the Court may adjust base hourly rates to account for case-specific variables. *Arbor Hill*, 522 F.3d at 183-184.

When evaluating hours worked, the Court "should look at the amount of time spent on each task, and then decide how much of that time was reasonably expended given 'the scope and complexity of the particular litigation.'" *Pichardo*, 2015 WL 13784565, at *4 (S.D.N.Y. Jan. 26, 2015) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)). To avoid excessive fees, the Court has discretion to deduct a reasonable percentage of the number of hours claimed to exclude "[h]ours that are excessive, redundant, or otherwise unnecessary." *Kirsch v. Fleet St., Ltd*., 148 F.3d 149, 173 (2d Cir. 1998) (internal citations omitted) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *accord Alicea v. City of New York,* 272 F. Supp. 3d 603, 608-09 (S.D.N.Y. 2017).

The Court also looks at the nature of the legal matter and context of the fee award in considering the reasonable rate and reasonable time spent on a matter. In *Arbor Hill*, the United States Court of Appeals for the Second Circuit suggested that district courts should consider factors such as "the time and labor required," "the novelty and difficulty of the questions," "the experience, reputation, and ability of the attorneys," and "awards in similar cases," in order to make its determination.[1] 522 F.3d at 186 n.3 (citing twelve factors enumerated in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)).

In addition to assessing the reasonableness of the rates and hours requested, the Court must also determine whether noncompliance was "substantially justified or other circumstances make an award of expenses unjust," before imposing sanctions in the form of attorneys' fees. Fed. R. Civ. P. 16(f)(2). This Circuit has interpreted identical language in Rule 37 of the Federal Rules of Civil Procedure to hold that the disobedient party has the burden to show "'that his failure is justified or that special circumstances make an award of expenses unjust.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir.2008) (citation omitted)). However, an attorney's failure arising out of "negligence or sloppiness" will not excuse a violation of Rule 16. *See Pichardo*, 2015 WL 13784565, at *3 (holding failure to explain the

---

[1] The twelve factors enumerated in *Johnson* are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Arbor Hill*, 522 F.3d at 186 n.3 (citing *Johnson*, 488 F.2d at 717–19, *abrogated on other grounds by Blanchard*, 489 U.S. at 109).

reason for a late submission other than asserting that the late submission did not result from litigation strategy such as "gamesmanship," was not a substantial justification for noncompliance with the court-ordered deadline).

## DISCUSSION

### I. *Propriety of Fee Award*

As an initial matter, Rule 16(f) permits a court to order a noncomplying party to pay the reasonable attorneys' fees incurred because of their noncompliance with a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(2). Mr. Azam's conduct falls within the purview of Rule 16 because he violated the Court's order scheduling oral argument for May 29, 2019 (ECF No. 47) by failing to appear, request an adjournment, or otherwise inform the Court that he would not appear. Courts in this Circuit regularly dismiss or enter default judgment against parties who fail to appear at scheduled conferences pursuant to Rule 16(f). *See, e.g.*, *Edwards v. Horn*, No. 10 CIV. 6194 RJS JLC, 2012 WL 1292672, at *1-2 (S.D.N.Y. Apr. 13, 2012), (recommending dismissal upon plaintiff's second failure to appear at a scheduled conference), *adopted by*, No. 10 CIV. 6194 RJS JLC, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); *Meyers v. New York Presbyterian Hosp. and South Beach Pyschiatric Hosp.*, No. 10 CIV. 3819, 2011 WL 3924883 (E.D.N.Y. July 21, 2011) (recommending that action be dismissed based on *pro se* plaintiff's failure to appear at two Court-ordered conferences), *adopted by*, No. 10 CIV. 3819 CBA LB, 2011 WL 3924871 (E.D.N.Y. Sept. 7, 2011); *Koch v. Rodenstock,* No. 06 CIV. 6586 BSJ DF, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010) (recommending entry of default under Rule 16(f) and Rule 37(b) where *pro se* defendant repeatedly failed to appear at pre-trial conferences or take part in discovery), *adopted by*, No. 06 CIV. 6586 BSJ DF, 2010 WL 2010900 (S.D.N.Y. May

7

18, 2010). The Court does not find that Defendants' noncompliance warrants a dismissal or default judgment yet. Instead, the Court deems it appropriate to award attorneys' fees under Rule 16(f)(2), for reasonable expenses incurred by Plaintiff in preparation for the oral argument that Mr. Azam missed without excuse. Fed. R. Civ. P. 16(f)(2). The Court considers this remedy to be commensurate with the burden on the Plaintiff, both in terms of delay and costs. The Court also finds that an award of attorneys' fees best serves the three-fold purpose of Rule 16 sanctions by (1) ensuring that Defendants will not benefit from their failure to comply, (2) incentivizing compliance with the order at issue, and (3) deterring future noncompliance. *See Petrisch*, 789 F. Supp. 2d at 455.

## II. *Reasonableness of Fee Award*

Plaintiff retained Sichenzia Ross Ference LLP as counsel in this matter. (ECF No. 5, Compl.; ECF No. 51.) Mendy M. Piekarski, a partner at Sichenzia Ross Ference LLP's, ("Mr. Piekarski") prepared for and appeared at the oral argument on May 29, 2019, as counsel for Plaintiff. (ECF Nos. 50, 51-1.) Mr. Piekarski spent two hours preparing on May 28, 2019, the day before the scheduled argument, and four hours on May 29, 2019 to prepare for and attend the scheduled argument. (ECF No. 51-1.) Plaintiff requests a total of $2,850 reflecting six hours of work by Mr. Piekarski at an hourly rate of $475. (ECF No 51.)

### A. *Rates*

Pursuant to the Second Circuit's "forum rule," this Court looks at prevailing rates within this District to determine the reasonableness of the proposed rates. *Bergerson*, 652 F.3d at 290. Courts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter, were reasonable. *Vista Outdoor*

*Inc. v. Reeves Family Tr.*, No. 16 CIV. 5766, 2018 WL 3104631, at *5–6 (S.D.N.Y. May 24, 2018) (approving rates up to $1,260 for partners; collecting cases); *U.S. Bank Nat'l Ass'n v. Dexia Real Estate Capital Markets*, No. 12 Civ. 9412 (PAE), 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) (citing *Themis Capital v. Democratic Republic of Congo*, No. 09 Civ. 1652 (PAE), 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014)); *Weiwei Gao v. Sidhu*, No. 11 CIV. 2711 WHP JCF, 2013 WL 2896995, at *6 (S.D.N.Y. June 13, 2013) (collecting cases). The Court therefore finds that $475 per hour is an appropriate rate for Mr. Piekarski. This rate falls within the range awarded by Courts in this District for similarly experienced attorneys. *Boaziz v. Torati*, No. 14 CIV. 8024 RA RLE, 2016 WL 11483840, at *5 (S.D.N.Y. June 1, 2016) (awarding $450 per hour for a partner as a sanction in a similar breach of contract and fraud action), *adopted as modified on different grounds sub nom. Boaziz v. Hezi Torati*, No. 14 CIV. 8024 RA, 2016 WL 3636663 (S.D.N.Y. June 28, 2016); *see Vista*, 2018 WL 3104631, at *5–6; *Themis*, 2014 WL 4379100, at *7 ("[P]artner billing rates in excess of $1,000 an hour . . . are by now not uncommon in the context of complex commercial litigation."). The oral argument involved a potentially dispositive motion, which establishes a need for representation by experienced counsel. *See Dexia*, 2016 WL 6996176, at *8 (noting that cases involving difficult questions call for skillful work by able and experienced counsel). Notably, Defendant has not disputed the rates requested by Mr. Piekarski in his representation that he is willing to pay the fee for missing the oral argument. (ECF. No. 52.) Given the hourly rates in this District and the level of experience of Plaintiff's counsel, the Court finds the requested hourly rate of $475 to be reasonable.

   **B. Hours Worked**

The Court has carefully scrutinized the hours submitted for reimbursement. At the outset, the Court finds that the invoice provided by Plaintiff's counsel (ECF No. 51-1), is sufficiently detailed so as to permit the Court to examine the hours expended. *See Themis*, 2014 WL 4379100, at *6 (reducing certain fees due to "impermissibly broad" time entries). To determine the reasonableness of the hours expended, the Second Circuit considers factors such as the time and labor required on the matter and the number of attorneys involved. *See Arbor Hill*, 522 F.3d at 186 n.3, 190.

Drawing on these factors, the Court finds that two hours of preparation on the day before the oral argument was appropriate and not excessive. *See Pichardo*, 2015 WL 13784565, at *7 (awarding defendants $10,000 in attorneys' fees for 14.58 hours of work on their motion to strike plaintiff's experts and for 17.28 hours of work on their motion for sanctions, pursuant to Rule 16(f), because plaintiff failed to file expert reports by the court-ordered deadline); *Haley*, 106 F.3d at 484. Here, Defendant's motion was potentially dispositive, necessitating close attention and preparation. Plaintiff seeks fees for the work of only one attorney—Mr. Piekarski—in connection with the May 29, 2019 oral argument. (ECF No. 51-1.) The Court likewise finds that four hours were reasonably expended on the date of the argument for preparation, travel time, and attendance at the hearing. *See Pichardo*, 2015 WL 13784565, at *7. The Court draws on its familiarity with this litigation, its review of the record, and its pre-judicial litigation experience to conclude that the total of $2,850 in fees requested for six hours of time expended by one experienced attorney in connection with argument on Defendant's potentially dispositive motion is reasonable. Notably, Mr. Azam has not argued that the hours expended were excessive or unreasonable. (ECF No. 52.) Because

the Court deems the amount requested to be reasonable, and Defendant has not challenged the reasonableness of the fees, the Court declines to grant Mr. Azam's request for additional time to negotiate the fee amount with Mr. Piekarski.

Mr. Azam contends that the fee should be reduced because "the time spent for [Mr. Piekarski's] preparation will not go waste [sic], because that preparation can be used by him on the next appearance date." (ECF No. 52.) This argument is unpersuasive. These fees are a sanction for failure to comply, not compensation for services rendered. Mr. Azam also explains that he was unaware of the scheduled argument because it was not properly calendared. (*Id.*) This argument is likewise unpersuasive. Negligence is not a substantial justification for failure to comply with Court orders. *See Pichardo*, 2015 WL 13784565, at *3.

## **CONCLUSION**

For all the reasons set forth above, Plaintiff's Motion is GRANTED and Plaintiff is awarded $2,850 in attorneys' fees pursuant to Rule 16(f)(2), payable by Mr. Azam or his firm, Azam & Hertz LLP.

**SO ORDERED.**

Dated: June 27, 2019
   New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge